UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dawn M. Wright</u>

    v.                                    Civil No. 09-cv-262-PB

<u>Elliot Health System, et al</u>

### **O R D E R**

Plaintiff moves to amend her complaint to set forth a retaliation claim in Count IA, paragraphs 77A – 77G, and to incorporate those paragraphs by reference in paragraph 83 (doc. no. 23). Defendant objects, asserting that such an amendment is futile.

### **Discussion**

The right to amend a complaint depends upon its timing.

> . . . plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," *id.,* unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay." *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir. 1994).

<u>Steir v. Girl Scouts of the USA,</u> 383 F.3d 7, 12 (1st Cir. 2004).

Plaintiff's motion seeks to raise a retaliation claim that

was not included in her initial or amended administrative charge at the New Hampshire Commission for Human Rights nor at the Equal Employment Opportunity Commission.  Plaintiff argues that she is permitted to include that claim despite not having filed it administratively because the "retaliation is reasonably related to and grows out of the discrimination complained of to the agency." Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001).

   While plaintiff correctly quotes Judge Boudin's opinion, the quote is incomplete.  This court is bound to accept the First Circuit rule as it was stated and that is as follows:

> [2] On balance, we think the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – *e.g.*, the retaliation is for filing the agency complaint itself.  Someday the Supreme Court will bring order to this subject; until then, this is a practical resolution of a narrow but recurring problem.  And, while the circuits' broader theories may diverge, this retaliation rule is a result on which the decisions generally converge, whatever the explanation given (see note 3, above).

Id.  Here the alleged retaliation was before not after the filing of administrative claim.  Unless and until the Supreme Court does bring order to the divergent rules of the circuits, this court is

required to apply the First Circuit rule as it is stated. That is, unless the retaliation <u>follows</u> the filing of an administrative claim, the <u>Clockedile</u> retaliation exception does not apply. <u>See</u> <u>Kenney v. MML Investors Services, Inc.</u>, 266 F.Supp. 2d 239, 246 (D.Mass. 2003); <u>Owens v. West</u>, 182 F.Supp. 2d 180, 192-193 (D.Mass. 2001); <u>Rivera Abella v. Puerto Rico Telephone Co.</u>, 470 F.Supp. 2d 86, 102 (D.P.R. 2007). The proposed amendment is therefore futile.

The motion (doc. no. 23) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 29, 2009

cc: Leslie C. Nixon, Esq.
Andrea K. Johnstone, Esq.
Dawnangela A. Minton, Esq.